UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

February 18, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Joyce C. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 25-0076-DRM

Dear Counsel:

On January 10, 2025, Plaintiff Joyce C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 8, 11, 17, 18. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on December 13, 2022, alleging a disability onset of April 1, 2020. Tr. 156-157. Plaintiff's claims were denied initially and on reconsideration. Tr. 76-85. On June 16, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 49-78. Following the hearing, on July 11, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-36. On November 18, 2024, the Appeals Council concluded that there was no basis for granting the Plaintiff's Request for Review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security on November 25, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Joyce C. v. Bisignano*
Civil No. 25-0076-DRM
February 18, 2026
Page 2

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since April 12, 2022, the amended alleged onset date." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "rheumatoid arthritis; osteoarthritis; degenerative joint disease of the bilateral hands (20 CFR 404.1520(c))." Tr. 19. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22-23. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) the claimant can occasionally climb ramps and stairs and can never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, and crouch. The claimant can never crawl and can never be exposed to unprotected heights or moving mechanical parts. The claimant can perform no jobs that require exposure to vibration. The claimant can frequently handle, finger, and feel with the bilateral upper extremities. The claimant must have a sit/stand option that allows her to sit or stand alternately, provided that she remains on task while in either position during the work period.

Tr. 23. The ALJ determined that Plaintiff had no past relevant work but could perform jobs that existed in significant numbers in the national economy, such as table worker and touchup screener. Tr. 28. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 29.

## III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.

Joyce C. v. Bisignano
Civil No. 25-0076-DRM
February 18, 2026
Page 3

1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

On appeal, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to conduct a proper function-by-function analysis and improperly evaluated medical opinion evidence. ECF No. 11. Specifically, Plaintiff contends that the ALJ concluded, without adequate narrative explanation, that she could "frequently handle, finger, and feel with the bilateral upper extremities," despite objective evidence of erosive rheumatoid arthritis, marked synovitis, swelling, and persistent hand dysfunction. *Id.* at 8. Plaintiff also argues that the ALJ failed to analyze supportability and consistency, and effectively ignoring the medical opinion of Dr. Luciene Borowik. *Id.* at 12.

In response, the Commissioner argues that the ALJ complied with SSR 96-8p by providing a narrative discussion linking the evidence to the RFC and reasonably concluded that Plaintiff could perform sedentary work with frequent handling and fingering. ECF No. 17 at 7-10. Regarding opinion evidence, the Commissioner contends that the ALJ properly evaluated each opinion under the governing regulations, partially credited the state agency findings, reasonably found Dr. Kneifati persuasive, and found Dr. Borowik's more restrictive opinion unpersuasive due to inconsistency with objective findings. *Id.* at 9-10. In reply, Plaintiff argues that the Commissioner relies on post hoc rationalizations not articulated in the ALJ's decision. ECF No. 18 at 2-3. She maintains that the ALJ failed to provide the required function-by-function analysis, failed to evaluate medication side effects, and failed to assess Dr. Borowik's opinion under the required regulatory factors, requiring remand. *Id.*

When evaluating medical opinions in claims filed on or after March 27, 2017[3], an ALJ must, as the Fourth Circuit recently explained:

> "evaluate the persuasiveness" of that evidence by applying a five-factor test, 20 C.F.R. § 404.1520c(a); *see also id.* § 404.1520c(b)(2), -(c). The factors are: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *Id.* § 404.1520c(c)(1)-(5).
>
> Although the Social Security Administration must ultimately "stat[e] the ... reason or reasons upon which" its final decision "is based," 42 U.S.C. § 405(b)(1), an ALJ need not explain in detail how he "evaluate[d] the persuasiveness," 20 C.F.R.

---

[3] *See Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

> § 404.1520c(a), of each piece of evidence in the record. The ALJ only needs to say, for each "medical source" in the record, how each of the first two factors applies— that is, whether that source's conclusions are supportable by medical evidence and consistent with the rest of the record. *Id.* § 404.1520c(b)(1), -(2). An ALJ must consider all five factors, but need not discuss any save the first two unless those other factors are dispositive. *Id.* § 404.1520c(b)(3); *see* 42 U.S.C. § 405(b)(1).

*Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604-05 (4th Cir. 2025).

The relevant regulations define these first two factors as follows:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

"Supportability is the degree to which a provider supports [his or her] opinion with relevant, objective medical evidence and explanation, and consistency is the degree to which a provider's opinion is consistent with the evidence of other medical and non-medical sources in the record." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (citing 20 C.F.R. § 404.1520c(c)(1)–(2)).

This Court has noted that supportability must be considered independently from consistency. *See Duane H. v. Kijakazi*, Civ. No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021) (recognizing that to consider supportability "in conjunction with" consistency "would conflate the nuances of those factors."). The consistency factor is an outward facing inquiry, looking at whether the medical opinion is consistent with other evidence in the record. *Rosa M. v. Kijakazi*, No. 9:22-CV-04494-BHH-MHC, 2023 WL 9101308, at *7 (D. S. C. Dec. 8, 2023). This Court has made clear that an analysis of the consistency of an opinion with other opinions from the same provider and the rest of the record is not sufficient to constitute a supportability analysis. *See Carlos F. v. Kijakazi*, Civ. No. BAH-22-2049, 2023 WL 3293086, at *4–5 (D. Md. May 5, 2023) (finding that analysis of inconsistency between two opinions of one medical source was insufficient to assess supportability). The ALJ must assess the relevance of "the objective medical evidence and supporting explanations presented by a medical source" to the ultimate finding advanced by that medical expert. 20 C.F.R. § 404.1520c(c)(1).

*Joyce C. v. Bisignano*
Civil No. 25-0076-DRM
February 18, 2026
Page 5

In evaluating the component of Dr. Borowik's opinion addressing Plaintiff's mental impairments, the ALJ stated as follows:

> The undersigned has also considered the statements of Dr. Luciene Borowik (Ex. 21F, 22F). Dr. Borowick states that the claimant is diagnosed with ADHD, and that she would not be able to tolerate sedentary work due to the difficulty concentrating in tasks and inattention on detail. She notes that these conclusions were based on observation. This opinion is not vocationally relevant, and it is a determination that is left to the Commissioner. The undersigned did not provide articulation about the evidence that is inherently neither valuable nor persuasive to the issue of whether the claimant is disabled in accordance with 20 CFR 416.920b.

Tr. 20. In evaluating the component of Dr. Borowik's opinion addressing Plaintiff's physical impairments, the ALJ stated:

> The undersigned has also considered the physical opinions of Dr. Luciene Borowik (Ex. 22F). Dr. Borowik opined that the claimant was limited to less than a full range of sedentary work, and that she is not able to lift or carry more than five pounds due to her pain, which restricts her from being able to perform an eight-hour workday. She also opines that the claimant's impairments would result in excessive absenteeism. These opinions are unpersuasive. *This assessment is inconsistent with other evidence in the record. For instance, the consultative examiner found that the claimant's strength was rated as five out of five in the upper and lower extremities (Ex. 12F). The claimant's hand and finger dexterity were intact. Further, she was able to zip, button, and tie shoelaces. While she has a history of degenerative changes in the lumbar spine noted, a straight leg raise test was negative. The claimant's joints were stable, but she had a widened gait with short steps. Moreover, by June of 2023, the claimant reports that she was doing better, and that she had had an injection that was helpful for her joint pain (Ex. 14F/19). Exams would also note that the claimant retained normal gait and that her strength and sensation were symmetric throughout the extremities (Ex. 18F/9).*

Tr. 27 (emphasis added).

Here, the italicized sentences on page 27 of the record fulfill the consistency requirement for the ALJ's analysis of Dr. Borowik's opinion as it relates to Plaintiff's physical impairments. The ALJ did not reject this component of the opinion in conclusory fashion; rather, she expressly compared Dr. Borowik's restrictive limitations to other evidence in the record and explained why they did not align. Specifically, the ALJ cited examination findings demonstrating full (5/5) strength in the upper and lower extremities, intact hand and finger dexterity, and the claimant's ability to zip, button, and tie shoelaces. The ALJ further referenced stable joints, a negative straight-leg raise test, symmetric strength and sensation, generally normal gait findings, and documented improvement in joint pain following injections. By identifying specific findings and treatment notes that conflicted with Dr. Borowik's assessment of less-than-sedentary limitations

*Joyce C. v. Bisignano*
Civil No. 25-0076-DRM
February 18, 2026
Page 6

and excessive absenteeism, the ALJ sufficiently explained how this component of the opinion was inconsistent with the broader medical record, as required by 20 C.F.R. § 404.1520c(c)(2).

However, the ALJ did not adequately articulate an evaluation under the supportability factor of 20 C.F.R. § 416.920c(1) for either component of Dr. Borowik's opinion, and the ALJ's analysis of the consistency factor was incomplete in that it did not extend to the component addressing Plaintiff's mental impairments. The ALJ's discussion does not address whether Dr. Borowik's findings regarding Plaintiff's limited ability to lift and carry, and the resulting effects on her ability to perform an eight-hour workday and her expected absenteeism, are internally supportable—only whether they are consistent with evidence from other medical sources. Supportability requires the adjudicator to evaluate the objective medical evidence and supporting explanations presented by the medical source to justify the opinion.

The component of Dr. Borowik's opinion addressing Plaintiff's mental impairments stated, in relevant part, "[Plaintiff] was also diagnosed with ADHD. She would not be able to tolerate sedentary work due to the difficulty concentrating [on] tasks and inattention to detail. These conclusions are based on observation, testing, and impression from specialist." Tr. 985. The ALJ dismissed this component of the opinion as "not vocationally relevant" and as a determination reserved to the Commissioner. Tr. 20.

That rationale does not address supportability or consistency within the meaning of 20 C.F.R. § 404.1520c(c)(1) & (2). Dr. Borowik expressly stated that her conclusions were based on clinical observation, testing, and the impression of a specialist. The ALJ did not analyze whether those observations were supported by treatment notes, mental status findings, longitudinal evidence, or other medical documentation. Nor did the ALJ explain why the underlying clinical basis was deficient or unsupported. And the ALJ did not address how consistent these findings were with other medical and non-medical sources in the record.

The Court acknowledges that ALJs must abide by 20 C.F.R. § 404.1520b when reviewing evidence relevant to a claim. Some statements in the record are inherently neither valuable nor persuasive because they are on issues reserved to the Commissioner, which are identified in 20 C.F.R. § 404.1520b(c)(3)(i)-(viii). *Jesse T. v. Kijakazi*, No. 2:22-CV-101, 2022 WL 19561148, at *10 (E.D. Va. Nov. 21, 2022), report and recommendation adopted, No. 2:22CV101, 2023 WL 2537283 (E.D. Va. Mar. 16, 2023). For example, statements that a claimant is "disabled" or "unable to work" are indeed conclusions reserved for the Commissioner to make and need not be analyzed under § 404.1520b(c). However, Dr. Borowik's statement does not fall into this category. She did not purport to reach a legal conclusion as to whether Plaintiffs RFC could include "sedentary work," as specifically defined by regulation, without further restriction. Rather, she attributed Plaintiff's inability to tolerate sedentary work (a term that in its common meaning does not necessarily map precisely to its regulatory definition) to specific limitations—namely difficulty concentrating and inattention to detail—based on clinical observation, testing, and the impression of a specialist. By characterizing the opinion as "not vocationally relevant," the ALJ bypassed the required inquiries into whether the identified limitations were supported by the provider's own findings, and whether they are consistent with other evidence in the record.

*Joyce C. v. Bisignano*
Civil No. 25-0076-DRM
February 18, 2026
Page 7

On remand, the ALJ should explicitly and independently assess the supportability and consistency of Dr. Borowik's opinion—both the mental and physical impairment components—pursuant to 20 C.F.R. § 404.1520c(c)(1) & (2). Because the case is being remanded on the grounds described above, I need not address other arguments that appear in Plaintiff's brief. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.     **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge